IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RAYMOND CARTER JR.,

    Plaintiff,

v.

JOHN MARION, BOBBY GRUNDY, TIMOTHY GLASSNER, and ROBERT ENGLEMANN,

    Defendants.

Civil Action No. 7:12-CV-76 (HL)

## ORDER

This case is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 54).

Plaintiff's case brought pursuant to 42 U.S.C. § 1983 is scheduled for trial during the January 2014 trial term. Plaintiff is proceeding pro se.

Civil litigants do not have an absolute constitutional right to the appointment of counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, the appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id. To determine whether a case is exceptional, the key inquiry is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). In other words,

"[t]he existence of [exceptional] circumstances will turn on the quality of two basic factors - the type and complexity of the case, and the abilities of the individual bringing it." Williams v. Grant, 639 F.Supp.2d 1377, 1378 (S.D.Ga. 2009) (citation omitted).

Here, there are no exceptional circumstances that justify the appointment of counsel for Plaintiff. Contrary to Plaintiff's contentions, this case is not particularly complex. The allegations are straightforward. Plaintiff's claim is a typical excessive force claim. This case does not involve novel or complex issues as to require the assistance of a trained practitioner. The fact Plaintiff is incarcerated does not entitle him to counsel. If Plaintiff's situation constituted an exceptional circumstance, nearly all pro se litigants could satisfy the high burden that warrants the appointment of counsel.

The Motion for Appointment of Counsel (Doc. 45) is denied.

**SO ORDERED**, this the 2nd day of October, 2013.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

mbh

2