**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **RAYMOND CARTER JR.,**  Plaintiff,  v.  **JOHN MARION, BOBBY GRUNDY, ROBERT ENGLEMANN, and TIMOTHY GLASSNER,**  Defendants. | Civil Action No. 7:12-CV-76 (HL) |

**ORDER**

This case is scheduled for trial the week of January 21, 2014. As ordered by the Court, Plaintiff has filed his trial brief. In addition, Plaintiff, who is presently incarcerated and proceeding pro se and *in forma pauperis*, has requested that the Clerk's office issue subpoenas for the production of witnesses at trial. The purpose of this Order is to clarify one matter prior to trial and to address Plaintiff's subpoena request.

As part of its pretrial procedure, the Court requires the parties to provide a statement of issues for trial. This statement helps guide the Court in structuring the trial and determining what the jury will hear and decide. In his trial brief, Plaintiff lists four issues for trial: (1) the release of Defendant Glassner's canine; (2) the continued attack by Defendant Glassner's canine after Plaintiff was out from underneath the

mobile home; (3) the release of Defendant Marion's canine; and (4) Defendants' failure to intervene to stop the canine attack.

In light of Plaintiff's trial brief, it appears there may be some confusion about the issues left to be tried in this case. In order to resolve any such confusion, the Court puts the parties on notice that the only issues to be determined by the jury at the trial of this case are the following: (1) whether Plaintiff's rights were violated by virtue of the continued attack by Defendant Glassner's canine after Plaintiff was out from underneath the mobile home; and (2) whether Defendants Marion, Englemann, and Grundy violated Plaintiff's rights by failing to intervene and stop the continued attack by Defendant Glassner's canine. Plaintiff's claims with respect to the initial release of Defendant Glassner's canine and the release of Defendant Marion's canine have already been resolved in Defendants' favor. (*See* Order at Doc. 53).

The other matter to address is Plaintiff's request for witness subpoenas. Plaintiff has identified four witnesses in his trial brief, and the Court assumes those are the people Plaintiff wishes to subpoena for trial. In accordance with Federal Rule of Civil Procedure 45, the Clerk of Court is directed to issue four signed, but otherwise blank, subpoenas to Plaintiff. However, Plaintiff must make appropriate arrangements if he intends to subpoena witnesses. Rule 45(b)(1) requires that when a trial subpoena is served, the serving party must tender "the fees for 1 day's attendance and the mileage allowed by law." The amount of the witness fee is set forth at 28 U.S.C. § 1821, which provides, in part, that a "witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b)(1).

The witness is also entitled to the costs of round-trip transportation at $0.565 per mile. Fed.R.Civ.P. 45(b)(1). While Plaintiff has been allowed to proceed *in forma pauperis*, he is not excused from tendering the statutory fees due a subpoenaed witness nor is he entitled to free use of the United States Marshal to effect service of subpoenas. Smith v. Fla. Dep't of Corr., 369 F.App'x 36, 38 (11th Cir. 2010) (citing Lloyd v. McKendree, 749 F.2d 705, 706-07 (11th Cir. 1985)). Thus, Plaintiff must arrange and pay for service of any subpoenas, and each subpoena which he desires to have served must be accompanied by the $40 fee for one day's attendance at trial and payment at $0.565 per mile for the witness' mileage to and from the courthouse.

The pre-trial conference in this case will be held on January 6, 2014, beginning at 9:30 A.M.

**SO ORDERED**, this the 10th day of December, 2013.

> *s/ Hugh Lawson*_____
> **HUGH LAWSON, SENIOR JUDGE**

mbh